UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BONNIE L. EWALD, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:20-cv-00432-JAW |
| | ) |
| PRUDENTIAL FINANCIAL | ) |
| CORPORATE OFFICE | ) |
| HEADQUARTERS, a/k/a | ) |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, et al., | ) |
| | ) |
|     Defendants | ) |

## RECOMMENDED DECISION ON
## DEFENDANT'S MOTION TO DISMISS

Plaintiff alleges that Defendant Prudential Insurance Company of America[1] committed "fraud and financial exploitation" by withholding "funds" and "prior benefits" under Plaintiff's long-term disability benefit plan. (Statement of Claim, ECF 1-1.) Defendant has moved to dismiss Plaintiff's complaint. (Motion, ECF No. 10.) Plaintiff did not file an opposition to the motion.[2]

Following a review of the record and after consideration of the issues generated by Defendant's motion, I recommend the Court grant Defendant's motion to dismiss.

---

[1] In her complaint, Plaintiff named as defendants "Prudential Financial Corporate Office Headquarters, a/k/a Prudential Insurance Company of America" and Defendant's CEO, Charles F. Lowrey. (Statement of Claim, ECF No. 1-1.)

[2] District of Maine Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Local Rule 7, therefore, Plaintiff has waived objection to Defendant's motion. I nevertheless will assess the merit of Defendant's motion.

## BACKGROUND

### A.  Factual Background

Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017). The facts set forth below, therefore, are drawn from Plaintiff's Statement of Claim, as well as "from documents incorporated by reference" therein. *Saccoccia v. United States*, 955 F.3d 171, 172 (1st Cir. 2020) (quotation marks omitted). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quoting *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)). "This is true even when the documents are incorporated into the movant's pleadings." *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (citing *Beddall*, 137 F.3d at 17). As the First Circuit has reasoned, a "court's inquiry into the viability of [a plaintiff's] allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by [the plaintiff's] own admission the allegations rest." *Beddall*, 137 F.3d at 17; *see Clorox Co. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (recognizing that a plaintiff is not permitted to "maintain a claim . . . by excising an isolated statement from a document and importing it into the complaint . . . ." (quotation marks omitted)).

Plaintiff maintains that she is entitled to the payment of certain "benefits" withheld by Defendant. (Statement of Claim at 4.) As part of its notice of removal, to demonstrate this Court's jurisdiction, Defendant included a copy of the long-term disability (LTD)

benefit plan by which Plaintiff was insured. (Benefit Plan, ECF No. 1-2.)  The fact that Plaintiff seeks to recover "benefits" from Defendant, which Plaintiff identifies as an insurance company, demonstrates that Plaintiff's claim is based on Defendant's alleged obligations under an agreement between Plaintiff and Defendant. Plaintiff has not challenged the authenticity of the plan nor the assertion that the "benefits" she seeks to recover are governed by the plan.  Because Plaintiff's claim is dependent on the plan and because Plaintiff has not challenged the authenticity of the copy of the plan filed by Defendant, the Court can consider the plan in its assessment of the motion to dismiss.[3]

Plaintiff alleges the following:

> [Defendant] committ[ed] fraud and financial exploitation against an elderly, disabled person, [Plaintiff], from January 1, 2018, until . . . October 19, 2020, and will continue to do so if this issue is not resolved.

(Statement of Claim at 4 (emphases omitted)).  The alleged fraud evidently relates to "funds withheld" by Defendant in the amount of $487.74 and "prior benefits withheld" by Defendant in the amount of $1,400.  (*Id.*)  Plaintiff requests a statement asserting a "zero balance due" and the refund of "funds" and "prior benefits" allegedly withheld. (Statement of Claim at 4.)  Additionally, Plaintiff seeks a judgment against Defendant in the amount of $6,000 for Defendant's alleged "violati[on] [of] trust and confidence [and] for [the] stress and health risks [Plaintiff was] submitted to." (*Id.*)

---

[3] As part of its motion to dismiss, Defendant included documents that reflect the administrative process regarding Plaintiff's claim for benefits.  Because Plaintiff's allegations are not directly linked to or dependent upon the other documents, I have not considered the documents.

B.     **Procedural Background**

Plaintiff filed a Statement of Claim on October 19, 2020, initiating a small claim action in the Maine District Court. (Statement of Claim at 4; State Court Docket, ECF No. 7-1.) On November 18, 2020, Defendant removed the matter to this Court, asserting that Plaintiff's claim was one arising under federal law—specifically, a claim arising under a benefits plan regulated by the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). (Notice of Removal, ECF No. 1.)

## DISCUSSION

A.     **Motion to Dismiss Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court "assume[s] the truth of all well-pleaded facts and give[s] the plaintiff the benefit of all reasonable inferences therefrom." *Id.* (quoting *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008)). The complaint, however, may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-

speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe [the] complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 U.S. Dist. LEXIS 191506, at *4 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### B.  Plaintiff's Statement of Claim

Defendant argues that Plaintiff's claim for fraud "relates to an ERISA-governed plan, thus, it is preempted by ERISA" and, alternatively, that the claim "fails to allege any viable ERISA cause of action." (Motion at 2.)

#### 1.  ERISA Preemption

"ERISA preempts 'any and all State laws insofar as they may . . . relate to any employee benefit plan.'" *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 781 (1st Cir. 2014) (alteration in original) (quoting 29 U.S.C. § 1144(a)).  The term 'State laws,' in relevant part, "encompasses common law causes of action under state law." *Mank v. Green*, 350 F. Supp. 2d 154, 158 (D. Me. 2004) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)).  "[A] cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action . . . [as well as] where the damages must be calculated using the

terms of an ERISA plan." *Guerra-Delgado*, 774 F.3d at 781 (alterations in original) (quoting *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir. 2000)).

Here, Plaintiff alleges that Defendant committed fraud by withholding funds in the amount of $487.74 and by withholding benefits in the amount of $1,400. (Statement of Claim at 4.) For the Court to determine whether Plaintiff's LTD benefits were improperly withheld, the Court must necessarily "evaluate or interpret the terms," *id.*, of the plan. Accordingly, Plaintiff's fraud claim is preempted by ERISA. *See* 29 U.S.C. § 1144(a); *Gallagher v. Cigna Healthcare of Me., Inc.*, 538 F. Supp. 2d 286, 294 (D. Me. 2008) ("Because the Court would have to consult the ERISA plan to resolve the state law claim, the state law 'relates to' an ERISA plan and is preempted.").

### 2.    **ERISA Cause of Action**

ERISA's "integrated enforcement mechanism, [29 USCS § 1132(a)], is . . . essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). In relevant part, ERISA permits a plan beneficiary to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Plaintiff's complaint can fairly be construed as a claim to "recover benefits due to [her]" and "to enforce [her] rights under the terms of the plan." *Id.* While Plaintiff seeks to recover funds withheld and other benefits, Plaintiff has not alleged any facts to support her contention that she is entitled to the funds and benefits. Federal Rule of Civil Procedure

6

12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, to the extent that Plaintiff seeks damages of $6,000 for a "violati[on] [of] trust and confidence [and] for [the] stress and health risks [Plaintiff was] submitted to" (Statement of Claim at 4), ERISA "provides a remedy to secure *benefits* under the plan rather than *damages* for a breach of the plan" as Plaintiff evidently attempts to do in this case. *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 51 (1st Cir. 2000) (emphasis in original) (quoting *Turner v. Fallon Community Health Plan*, 127 F.3d 196, 198 (1st Cir. 1997)); *see Evans v. Akers*, 534 F.3d 65, 73 (1st Cir. 2008) ("ERISA does not authorize suits for . . . damages separate from the benefits to which the plan documents entitle the participants—such as emotional distress resulting from a plan's failure to honor its obligations. . . ." (citation omitted)).

In sum, Plaintiff has failed to state an actionable ERISA claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss and dismiss Plaintiff's complaint without prejudice.[4]

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[4] The Statement of Claim and thus the Court's docket lists Charles F. Lowrey as a defendant. Plaintiff refers to Mr. Lowrey as Defendant's CEO. The record does not reflect service on Mr. Lowrey. In fact, in state court, Plaintiff evidently only requested service upon Defendant Prudential. (Affidavit and Request for Service, ECF No. 7-3.) Even though Mr. Lowrey has not been served, because Plaintiff's has not asserted any separate facts as to Mr. Lowrey, the complaint as to Mr. Lowrey should be dismissed as well.

(14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of February, 2021.