UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BONNIE L. EWALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00432-JAW |
| | ) | |
| PRUDENTIAL FINANCIAL | ) | |
| CORPORATE OFFICE | ) | |
| HEADQUARTERS, a/k/a | ) | |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE**

A pro se plaintiff alleges that the defendant insurance company withheld funds and prior benefits owed to her under her long-term disability benefit plan. The Magistrate Judge recommended this Court grant the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the plaintiff's state law claim was preempted by ERISA and, alternatively, failed to state a cause of action under ERISA. The plaintiff failed to respond to the motion to dismiss but objects to the recommended decision. The Court affirms the recommended decision and writes only to further explain the recommended decision and address the plaintiff's concerns.

## I.    BACKGROUND

On October 19, 2020, Bonnie L. Ewald filed a Statement of Claim in Maine District Court against Prudential Financial Corporate Office Headquarters a/k/a Prudential Insurance Company of America (Prudential), accusing Prudential of

"committing fraud and financial exploitation against an elderly disabled person." *Def. the Prudential Insurance Company of America's Notice of Removal*, Attach. 1, *Statement of Claim* at 4 (ECF No. 1). The Statement of Claim requests a "[s]tatement of apology to state zero balance due," "[r]efund for all FICA and A&S/Sal Cont. funds withheld, $487.74," "[r]efund for prior benefits withheld, $1400.00," "[r]efund for any future benefits withheld after 10-19-2020," and "[u]p to $6000.00 fine for violating position of trust and confidence & for stress and health risks." *Id.* On November 18, 2020, Prudential removed the case to this Court. *Def. the Prudential Insurance Company of America's Notice of Removal* (ECF No. 1).

On December 16, 2020, Prudential moved to dismiss the Statement of Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Ewald's Statement of Claim failed to allege a viable ERISA cause of action and any state law claims are preempted by ERISA. *The Prudential Insurance Company of America's Mot. to Dismiss Pl.'s Statement of Claim* at 2 (ECF No. 10). Ms. Ewald did not respond to Prudential's motion to dismiss.

On February 16, 2021, the Magistrate Judge issued a recommended decision, recommending the Court grant Prudential's motion to dismiss. *Recommended Decision on Def.'s Mot. to Dismiss* at 1 (ECF No. 11) (*Recommended Decision*). The Magistrate Judge reasoned that Ms. Ewald's fraud claim was preempted by ERISA and the Statement of Claim failed to allege facts to support an ERISA cause of action. *Id.* at 5-7. On February 23, 2021, Ms. Ewald objected to the Recommended Decision, *Obj. to Report and Recommended Decision* (ECF No. 12) (*Pl.'s Obj.*), and on March 2,

2

2021 submitted twenty-two attachments in support of her objection.  *Additional Attachs.* (ECF No. 16).  On March 16, 2021, Prudential responded to Ms. Ewald's objection.  *Def.'s Resp. to Pl.'s Obj. to the Report and Recommendation as to Def.'s Mot. to Dismiss* (ECF No. 17) (*Def.'s Resp.*).

## II.   DISCUSSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of the Magistrate Judge's ruling on the motion to dismiss.  *See* 28 U.S.C. § 636(b)(1).  The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision.  The Court writes only to further explain the Magistrate Judge's Recommended Decision and address Ms. Ewald's concerns.

To begin, Ms. Ewald should understand that she caused much of her own problem by failing to respond to Prudential's motion to dismiss.  Prudential filed its motion to dismiss on December 16, 2020 and Ms. Ewald was required to respond to the motion to dismiss within twenty-one days or by January 6, 2021.  D. ME. LOC. R. 7(b).  Ms. Ewald did not respond to Prudential's motion within the allotted time.  In fact, the Magistrate Judge waited two months before issuing his recommended decision.  Even by February 16, 2021, when the Magistrate Judge issued his recommended decision, Ms. Ewald had failed to respond to the motion to dismiss. *Recommended Decision* at 1 ("Plaintiff did not file an opposition to the motion"). Usually a plaintiff who does not respond to a motion to dismiss is deemed to have waived objection.

3

It was only after the Magistrate Judge had issued his recommended decision that Ms. Ewald responded to Prudential's motion to dismiss. On February 23, 2021, Ms. Ewald filed her first objection to the motion to dismiss and attached to her objection twenty-two documents, including an "opening statement along with supporting exhibits and documentation." *Pl.'s Obj.* In an attachment entitled "Statement of Fraud and Financial Exploitation," Ms. Ewald greatly expands upon her version of events and the fraud that she alleges occurred. *Additional Attachs.*, Attach. 1, *Statement of Fraud and Financial Exploitation.*

But her objection came too late. Ms. Ewald submitted her objection and attachments only after the Magistrate Judge issued his recommended decision in which he recommended that the Court grant Prudential's motion to dismiss. This Court recently found a plaintiff who fails to oppose a motion to dismiss and then raises objections to the Magistrate Judge's recommended decision faces a "double waiver." *Cain v. Tzovarras*, No. 1:20-cv-00070-JAW, 2021 U.S. Dist. LEXIS 8424, at *3 (D. Me. Jan. 15, 2021). This double waiver applies directly to Ms. Ewald: not only did Ms. Ewald fail to object to Prudential's motion to dismiss, but she also may not raise objections before this Court that she did not raise before the Magistrate Judge. *Id.*

On this basis alone, Ms. Ewald's objection to the Magistrate Judge's Recommended Decision must fail, and the Court need not consider documents not before the Magistrate Judge. *Id.*; *see Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008) (concluding the district court was "well within" its

discretion in declining to consider a document not before the magistrate judge); *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots") (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984) (internal quotation marks omitted)).

But, presumably in part because of her pro se status, the Magistrate Judge did not default Ms. Ewald but instead reached the merits of Prudential's motion anyway and correctly concluded that her fraud claim is preempted by ERISA and, specifically, her Statement of Claim "has not alleged any facts to support her contention that she is entitled to the funds and benefits," and therefore fails to state a claim. *Recommended Decision* at 6-7. Following the Magistrate Judge's lead and in deference to Ms. Ewald's position as a pro se litigant, the Court will address the merits of her objection, even though tardily presented.

In her objection, Ms. Ewald states she is "confused how the Federal Court can jump in and make this recommendation to a lower court when we haven't even stepped foot in the court room" and clarifies that she is "pleading this case . . . as a common law tort[] claim, as State of Maine laws have been violated." *Pl.'s Obj.* To the extent Ms. Ewald is confused why the federal court is deciding her claim that she filed in the Maine District Court, this Court will briefly explain its jurisdiction. The brief answer is that federal courts typically deal with matters of federal law and Congress has passed federal legislation that makes claims under employee benefit plans, like the one Ms. Ewald is pressing, a matter of federal, not state law. As a

result of the federal legislation, called the Employee Retirement Income Security Act (ERISA), Ms. Ewald's claim for employee benefits under her benefit plan is a matter of federal, not state law.

As a claim controlled by ERISA, if an employee like Ms. Ewald brings a lawsuit in state court claiming benefits under an employee benefit plan, federal law allows a defendant, like Prudential, to remove from state court to federal court her civil action because the lawsuit could have originally been brought in federal court. 28 U.S.C. § 1441(a). Furthermore, as an ERISA claim, Ms. Ewald's lawsuit fits within a category of cases over which the federal courts have original jurisdiction, so-called "federal question" cases, which include cases brought under federal law. 28 U.S.C. § 1331.

Ms. Ewald brought a claim against Prudential in Maine District Court alleging "fraud and financial exploitation" because Prudential withheld funds and benefits pursuant to her benefit plan. While she characterizes this as a Maine common law tort claim, the Magistrate Judge correctly concluded her benefit plan was governed by the ERISA and "ERISA preempts 'any and all State laws insofar as they may . . . relate to any employee benefit plan.'" *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 781 (1st Cir. 2014) (alteration in original) (quoting 29 U.S.C. § 1144(a)). In other words, ERISA prevents Ms. Ewald from bringing a state law claim against Prudential under her employee benefit plan. The United States Supreme Court has authorized removal to federal court of cases, like Ms. Ewald's, that are preempted by ERISA, even though they purport to raise only state law causes of action. *See Metro. Life Ins.*

6

*Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).  Thus, although Ms. Ewald brought what she believed was a state law claim in state court, Prudential was permitted to remove the case to federal court, and thus her case is properly before this Court.

Ms. Ewald is also confused why her case is being decided before she has "even stepped foot in the court room." *Pl.'s Obj.*  The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." FED. R. CIV. P. 1.  Rule 12(b)(6) allows a party to move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is "to test the sufficiency of the complaint." *Van Dyke v. Town of Dexter*, No. 1:18-cv-263-NT, 2018 U.S. Dist. LEXIS 202055, at *4 (D. Me. Nov. 29, 2018).  To survive a motion to dismiss, a plaintiff must allege "sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-87 (2009)).  In other words, the Court accepts everything in the complaint as true and considers whether on the facts alleged, the plaintiff has stated a claim for relief.

For the reasons the Magistrate Judge explained in his recommended decision, Ms. Ewald's claim cannot survive when assessed against ERISA requirements.  *See Recommended Decision* at 6-7.  Ms. Ewald has not stated her claim with enough specificity to come within ERISA and her demand for damages for emotional harm is not recognized under ERISA.  *Id.*

The Court understands that Ms. Ewald is proceeding without a lawyer, and federal jurisdiction and ERISA are complicated areas of law. Therefore, the Court dismisses her Statement of Claim without prejudice, meaning she can refile her ERISA claim in federal court.

## III.   CONCLUSION

The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 11). The Court GRANTS Prudential Insurance Company of America's Motion to Dismiss (ECF No. 10) and DISMISSES without prejudice Bonnie Ewald's Statement of Claim (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2021

8